IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SHELLY J. B., <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** <br><br> Case No. 2:17-cv-00291-BCW <br><br> Magistrate Judge Brooke C. Wells |

This case is before the undersigned following the parties consent under Federal Rule of Civil Procedure 73.[1] Plaintiff Shelley J. B.[2] alleges disability starting in January 1, 2012,[3] due to diabetes, diabetic neuropathy, fibromyalgia, depression and inner ear nerve damage.[4] An administrative hearing was held on January 4, 2016.[5] The Administrative Law Judge (ALJ) rejected her claim for benefits on March 22, 2016.[6] The Appeals Council denied review of the ALJ's decision.[7] This appeal followed. This court heard argument on Plaintiff's appeal and having further considered the record and case law, affirms the decision of the Commissioner.

## BACKGROUND

Plaintiff was 49 years old in January 2012, when she alleges she became disabled.[8] She

---

[1] ECF No. 17.
[2] Based on privacy concerns regarding personal information, the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.
[3] Tr. 179-80.
[4] Tr. 299.
[5] Hearing Tr. 32-88.
[6] Tr. 15-31.
[7] Tr. 1-7.
[8] Tr. 179, 299.

has a high school education and worked in the past as an insurance underwriter, a medical claim processor, a mail processor, a data entry processor, and a cashier.[9]

She applied for disability insurance benefits on August 26, 2013, alleging disability beginning January 1, 2012.[10] Her claim was originally denied on February 3, 2014,[11] as well as upon reconsideration on June 10, 2014.[12] Plaintiff appeared and testified at the hearing before the ALJ. The ALJ followed the standard five-step sequential evaluation process for disability claims.[13]

The ALJ found Plaintiff did not meet the threshold of substantial gainful activity (SGA) since January 1, 2012 because she only worked part-time, about 15 hours per week, thus her earnings were well below the limits for SGA.[14] The ALJ determined Plaintiff suffers from the severe impairments of myalgias, diabetes, mellitus, and nervus intermedius neuralgia.[15] The ALJ also concluded Plaintiff's history of depression, anxiety and bipolar disorder did not cause more than minimal limitation in her ability to perform basic mental work activities, and were not severe.[16] Accordingly, the ALJ concluded Plaintiff does not have an impairment and/or combination of impairments that meet or equal any of the listings in 20 CFR Part 404.[17]

The analysis then proceeded to step four, where the ALJ found Plaintiff capable of performing light work as defined in 20 CFR 404.1567(b), with certain limitations. Specifically, the ALJ found Plaintiff can lift/carry 10 lbs. up to 2/3 of an eight-hour work day and 20 lbs. up to 1/3 of an eight-hour workday; can sit six hours in an eight-hour work day; can perform all

---

[9] Tr. 300-01, 307-11, 317-18.
[10] Tr. 179-80.
[11] Tr. 134-37.
[12] Tr. 134-37, 141-43.
[13]
[14] Tr. 20.
[15] Tr. 20.
[16] Tr. 21.
[17] Tr. 22.

postural activities up to 1/3 of an eight-hour workday; and can use her bilateral upper extremities up to 2/3 of an eight-hour workday.[18] Notably, the ALJ found that "claimant's statements concerning intensity, persistence and limiting effects of these symptoms are not entirely consistent with the objective medical evidence for the reasons explained in this decision."[19]

Specifically, the ALJ stated as follows:

Although the claimant has alleged more restrictive functional limitations that those included in the residual functional capacity, the medical evidence does not support her claims. While the claimant alleged limitations due to her fibromyalgia, none of her treatment records support such a diagnosis as there is no tender point testing and she was reportedly given diagnosis of unspecified myalgias (Ex 1F; 3F/32, 36, 43; 4F; 6F; 9F; 10F/57, 63, 71). Furthermore, while she alleged constant, severe and widespread pain in her muscle and joints, none of the examinations in the treatment records note any limitations in range of motion, muscle strength, or other neurological deficits. Accordingly, she clearly has myalgias that cause persistent muscle and joint pain and increase with activity. However, her pains are manageable with medications, and there is nothing in the medical record that supports a finding that she would have any more restrictive limitations than the light exertional limitations in the residual functional capacity.[20]

The analysis then proceeded to step five, where the ALJ found Plaintiff capable of performing her past relevant work as an insurance underwriter, and thus not disabled.[21] During the hearing, the vocational expert testified the demands of Plaintiff's past work history were performed at a sedentary exertion level. The ALJ however found Plaintiff capable of performing her past work because she can perform a range of light work with "additional postural and upper extremity limitations."[22]

## STANDARD OF REVIEW

Because the Appeals Council denied claimant's requested review, the ALJ's decision is

---

[18] Tr 22.
[19] Tr 22-23.
[20] Tr. 24.
[21] Tr. 26.
[22] Tr 26.

considered the Commissioner's final's decision for purposes of this appeal.[23] The court reviews the ALJ's decision to determine whether the correct legal standards were applied and whether factual findings are supported by substantial evidence in the record.[24] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[25] "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."[26] In considering claimant's appeal the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."[27]

## DISCUSSION

On appeal Plaintiff raises one issue. Plaintiff argues the ALJ did not properly evaluate her fibromyalgia pursuant to Social Security Ruling (SSR) 12-2p.

In 2012, the Social Security Administration issued SSR 12-2p, which offers specific guidance for evaluating claims involving fibromyalgia. Prior to the issuance of SSR 12-2p, the Social Security Administration required a finding of at least 11 positive tender points on a physical examination for a diagnosis of fibromyalgia. SSR 12-2p recognizes the American College of Rheumatology (ACR) 1990 Criteria for the Classification of Fibromyalgia a legitimate method of diagnosing fibromyalgia, which can be met by showing:

a) a history of widespread pain;

b) repeated manifestations of six or more symptoms, especially manifestations of fatigue, cognitive, or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome;

c) evidence that other disorders could cause these repeated manifestations of

---
[23] *Doyal v, Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 404.981.
[24] *See Doyal*, 331 F.3d at 760; *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).
[25] *Doyal*, 331 F.3d at 760.
[26] *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988).
[27] *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

symptoms, signs or co-occurring conditions were excluded.

Both parties agree that SSR 12-2p does not require specific tender point testing for a diagnosis of fibromyalgia.

I.     The RFC

Notably, the Plaintiff provides no explanation for how the record established how she meets the 2010 criteria. Thus, the ALJ's failure to apply the 2010 criteria listed in SSR 12-2p cannot be reversible error.[28] Moreover, the ALJ reviewed all the medical evidence and other evidence in the record, including Plaintiff's allegations of chronic pains, myalgias and fybromyalgias in assessing the residual functional capacity (RFC).[29] The ALJ found Plaintiff's statements regarding her pain and limitations out of proportion to the medical findings, and not compatible with the medical evidence. In other words, the ALJ found Plaintiff had myalgias that caused persistent pain, but that her pain was not disabling. Accordingly, the ALJ found claimant has the RFC to perform light work with certain limitations. This is not reversible error.[30]

II.    The Record

Plaintiff argues the ALJ "minimized" the significance of her pain based on the perception there was no diagnosis of fibromyalgia.[31] Plaintiff also asserted the ALJ never explained the significance or difference between "myalgia" and "fibromyalgias."[32] But during the hearing Plaintiff's counsel acknowledged throughout the record the different providers used the terms

---

[28] *Shinseki v. Sanders*, 556 U.S. 396, 408-09 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination").
[29] Tr. 22-5.
[30] *See Ray v. Colin*, 657 F. App'x 733, 734 (10th Cir. 2016) (unpublished) (finding ALJ did not err when he found fatigue was not a medically determinable impairment because ALJ considered this impairment in assessing the RFC); *see also Heinritz v. Barnhart*, 191 F. App'x 718, 723 (10th Cir. 2006) (unpublished) (an ALJ is required to consider the limitations that a given impairment has on the claimant's abilities to work rather that the label given to a disease or ailment).
[31] Plaintiff's Brief at 7.
[32] *Id*. at 3.

"myalgia" and "fibromyalgia" interchangeably and this "mixed diagnosis" is confusing. Nevertheless, the ALJ referred to all of Plaintiff's complaints of chronic pain throughout his decision.[33] In addition the record showed the Plaintiff enjoyed a full range of motion in her joints, possessed normal strength and moved without much difficulty.[34] Plaintiff was able to control her pain with medication and was encouraged to exercise by her medical providers.[35] Although the record does contain some evidence of limitations of range of motion,[36] the ALJ was entitled to resolve any evidentiary conflicts in the record.[37] After reviewing the record, the ALJ found that although Plaintiff has myalgias that cause her pain, her pain is not disabling, and she is thus able to perform a limited range of light work.[38] The court finds the ALJ had good reasons for resolving the conflicts in the record, accessing the RFC and finding Plaintiff capable of performing her past work under light work restrictions. There was no error as alleged by Plaintiff.

## CONCLUSION AND ORDER

Because the correct legal standards were applied and the ALJ's factual findings are supported by substantial evidence in the record, the court AFFIRMS the decision of the Commissioner.[39] The Clerk of the Court is directed to close this case.

---

[33] Tr-22-24.
[34] Tr. 388, 404, 416, 419, 422, 428, 431, 440, 443, 494, 498, 514, 526, 532, 535-6, 554, 572, 577-78, 604-05, 615, 623, 628, 653. (containing duplicates)
[35] Tr. 23-24, 513, 534, 641, 665, 673 (containing duplicates); *but see* Tr. 574, 620, 612-13, 625; 419, 423, 428, 551, 570.
[36] Plaintiff is correct that the ALJ inaccurately stated "none of the examinations note limitations in range of motion, muscle strength or other neurological deficits." (Tr. 24) This misstatement alone does not warrant a remand as these findings would not preclude Plaintiff from performing the limited range of light work that the ALJ found she could perform. It should be noted the state agency physicians opined Plaintiff could perform medium range work. (Tr. 22, 25, 110-11, 124-125)
[37] *See* 42 U.S.C. §405 (g); *see also Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016) (*citing Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (noting that ALJ is entitled to resolve any conflicts in the record).
[38] Tr. 22-6.
[39] *See Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003); *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).

DATED: this 27thday of July, 2018.

                                              Brooke C. Wells
                                              U.S. Magistrate Judge